# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHARLES CALLAWAY,

    *Plaintiff,*

v.

    Case No. 12-2527-EFM

ROGER WERHOLTZ,

    *Defendant.*

## MEMORANDUM AND ORDER

    Defendant Roger Werholtz, the former Secretary of Corrections for the State of Kansas, asks the Court to dismiss Plaintiff Charles Callaway's 42 U.S.C. § 1983 claim alleging violations of due process and wrongful imprisonment. Callaway was convicted of state drug offenses at two separate trials and given an illegal sentence that resulted in Callaway serving almost five and a half years more than he should have. Callaway contends that his constitutional rights were violated when Werholtz failed to recalculate Callaway's sentence. Because Callaway cannot establish a plausible claim that Werholtz misused power provided to him by virtue of state law, and because Werholtz is entitled to quasi-judicial immunity, the Court grants Werholtz's motion to dismiss for failure to state a claim upon which relief can be granted.

# I. Factual and Procedural Background

In two separate cases in 1995, Plaintiff Charles Callaway was charged in state court and convicted of selling cocaine while he was less than 1,000 feet from a school. The first case to go to trial, case number 95-CR-164, charged Callaway with selling cocaine on February 16, 1995, and March 13, 1995. Callaway was convicted on both counts on October 31, 1995. On December 27, 1995, Callaway was sentenced to 64 months in prison after his convictions in case 95-CR-164.

The second case was tried after Callaway was convicted and sentenced in case number 95-CR-164. That case, number 95-CR-359, charged Callaway with selling cocaine on January 28, 1995—a sale that occurred before the two cocaine sales charged in case 95-CR-164. Callaway was convicted in case 95-CR-359 on January 17, 1996. A presentence investigation report prepared for Callaway's sentencing in case 95-CR-359 suggested a sentencing range of "169-178-187" months imprisonment. On February 16, 1996, Callaway was sentenced to 178 months imprisonment in case 95-CR-359.

The disparity between the sentences in cases 95-CR-164 (64 months) and 95-CR-359 (178 months)—which each charged Callaway with violating Kan. Stat. Ann. § 65-4160[1]—was due to the assignment of different severity levels to each crime. Case 95-CR-164 was designated as a drug severity level 2 crime—a less severe crime for the purposes of calculating sentencing. At the time of Callaway's sentencing, a sentencing provision mandated that "[i]f any person who violates this section has two or more prior convictions under this section . . . then such person

---

[1] Renumbered as Kan. Stat. Ann. § 21-5703.

shall be guilty of a drug severity level 1 felony."[2] The presentence investigation report counted Callaway's two convictions in case 95-CR-164 as "prior convictions" for purposes of sentencing in case 95-CR-359. Therefore, case 95-CR-359 was designated as a severity level 1 crime, making Callaway a level 1 drug offender subject to a sentence more than twice as long as he would have faced for a level 2 crime.

Callaway objected to the use of his convictions in 95-CR-164 because the underlying criminal acts in that case occurred *after* the criminal acts underlying his conviction in 95-CR-359—the sales in the former case occurred in February and March 1995 and the sale charged in 95-CR-359 happened in January of the same year. Therefore, Callaway argued, he did not have two or more prior convictions at the time that he violated Kan. Stat. Ann. § 65-4160. The court overruled Callaway's objection and sentenced Callaway as recommended in the presentence investigation report. Callaway's sentences in cases 95-CR-164 and 95-CR-359 were to run consecutively, so Callaway's controlling sentence for both cases was 242 months.

Callaway appealed to the Kansas Court of Appeals, but argued only that the court erred in calculating his "good time" and the duration of his post-release supervision. The court of appeals agreed on both points and remanded case 95-CR-359 for resentencing. The district court resentenced Callaway as instructed by the court of appeals, but did not change the increased severity level of the offense.

In 1997, Callaway filed a habeas motion in the state district court under Kan. Stat. Ann. § 60-1507, requesting that the court vacate his conviction. Callaway argued that his sentence was illegal because the court used his convictions in case 95-CR-164 as "prior convictions" and

---

[2] Order Granting Def.'s Mot. to Correct Illegal Sentence (Pl.'s Ex. 3), Doc. 12-3, at 13 (quoting Kan. Stat. Ann. § 65-4161(d), which has since been repealed).

increased the severity level of his offense in 95-CR-359. The court denied the motion on procedural grounds. Callaway appealed to the Kansas Court of Appeals, but did not address the merits of his motion, only the procedural denial. The court of appeals nonetheless addressed the merits *sua sponte* and affirmed the district court's use of the 95-CR-164 convictions to enhance Callaway's sentence.

In 1999, Callaway filed a "Motion to Correct Sentence" under Kan. Stat. Ann. § 22-3504, which says that "[t]he court may correct an illegal sentence at any time." Again, Callaway argued that his convictions in case 95-CR-164 on October 31, 1995, were not "prior convictions" at the time Callaway sold cocaine and violated Kan. Stat. Ann. § 65-4160 on January 28, 1995. The court denied the motion without a hearing because the argument was previously ruled on in Callaway's section 60-1507 motion and appeal. Callaway again appealed, but the court of appeals summarily affirmed the district court's denial.

In 2004, Callaway filed a second motion under section 22-3504. The district court again denied the motion without a hearing. Callaway filed a notice of appeal, but the case was never docketed with the court of appeals. Callaway also filed a "Motion to Discharge of Person Not Promptly to Trial" in 2004. The district court denied the motion, the court of appeals affirmed, and the Supreme Court of Kansas declined to review the case.

In 2007, Callaway filed a third motion under section 22-3504, again requesting that the district court correct his illegal sentence. In that motion, Callaway noted that a recent, published decision from the Kansas Court of Appeals, *State v. Ruiz-Reyes*,[3] held that the plain language of Kan. Stat. Ann. § 65-4161 meant that the severity level of an offense could not be enhanced by a

---

[3] 149 P.3d 521, 524 (Kan. Ct. App. 2007).

conviction that did not occur until after the commission of the offense. Despite the holding in *Ruiz-Reyes*—and the fact that the holding was an interpretation of the *plain language* of section 65-4161—the district court denied Callaway's motion on the grounds that Callaway's sentence was legal at the time it was imposed because Callaway did not demonstrate that the holding in *Ruiz-Reyes* should be applied retroactively. Callaway filed a motion to reconsider, which was denied. Callaway appealed, but the court of appeals never docketed the case.

On May 18, 2008, Callaway wrote to Defendant Werholtz, stating that he was being held on an illegal sentence and asking that Werholtz recalculate his sentence. A deputy secretary responded in a letter that said that the Department of Corrections did not have the authority to alter Callaway's sentence absent a court order. The letter advised Callaway to consult an attorney.

On January 31, 2008, Callaway filed a motion to correct manifest injustice, which the district court treated as a habeas motion under Kan. Stat. Ann. § 60-1507. For the sixth time, Callaway asked the state district court to correct his illegal sentence in case 95-CR-359. The following day, on February 1, 2008, the Supreme Court of Kansas affirmed the decision in *Ruiz-Reyes*, calling it an "inescapable conclusion."[4] Nevertheless, on February 14, the district court denied Callaway's motion, and the court of appeals again failed to docket his appeal.

Finally, in 2010, the district court granted Callaway's fourth motion under Kan. Stat. Ann. § 22-3504 to correct an illegal sentence. The court rejected its earlier decision finding that *Ruiz-Reyes* could not be applied retroactively and held that Callaway's sentence was illegal when it was imposed. As a result, the court ordered that Callaway be resentenced to a term of 132

---

[4] *State v. Ruiz-Reyes*, 175 P.3d 849, 853 (Kan. 2008).

months imprisonment. Under the new sentence, Callaway should have been released in March 2005. Instead, he was released in August 2010.

In 2012, Callaway filed this § 1983 lawsuit against Defendant Werholtz, alleging that Werholtz violated Callaway's constitutional rights to due process and freedom from unlawful detention. Werholtz now asks the Court to dismiss the suit failure to state a claim upon which relief may be granted. Alternatively, Werholtz requests that the Court enter summary judgment.

## II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[7] The court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[8] Dismissal is appropriate if no set of facts would support the plaintiff's claim for relief.[9]

## III. Analysis

Callaway has certainly suffered an injustice at the hands of the Kansas courts, but his lawsuit against Werholtz fails to state a claim for which this Court can grant relief. To bring a

---

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[8] *Id.* at 678–79.

[9] *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

claim for relief under § 1983, a plaintiff must show that the defendant, acting under color of law, deprived the plaintiff of rights guaranteed under the Constitution.[10] "Acting under color of state law as required by section 1983 is defined as the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[11] Additionally, liability under § 1983 requires proof that the defendant engaged in a deliberate deprivation of constitutional rights—mere negligence is insufficient.[12]

In this case, Callaway's complaint does not explain how Werholtz deliberately misused his authority as Secretary of Corrections.[13] Callaway alleges that Werholtz knew that Kansas statutes required Callaway's sentence to be 132 months, but even if the Court assumes that Werholtz did know the 242-month sentence was illegal, Callaway fails to allege that Werholtz had the authority to ignore the court order imposing that sentence. Absent such authority, Callaway's allegations that Werholtz failed to correct his sentence do not amount to a deliberate misuse of power, but rather a failure to exercise nonexistent authority.

Kansas statutes provide that upon conviction of a felony, "the court shall order that such person be committed, *for such term or terms as the court may direct*, to the custody of the secretary of corrections."[14] In other words, the court ordered Callaway to remain in Werholtz's custody for a term of 242 months. Statutes further provide that any modification of sentences

---

[10] 42 U.S.C. § 1983.

[11] *Brown v. Chaffee*, 612 F.2d 467, 501 (10th Cir. 1979) (quotation omitted).

[12] *Jojola*, 55 F.3d at 490.

[13] Count I does not even allege that Werholtz was acting under color of law. *See* Am. Compl., Doc. 3, at ¶¶ 54–55. Count II simply recites the element by alleging that "[t]he named Defendant in this case, acting under color of law, wrongfully confined Plaintiff from March 2005 to August of 2010, without due process of law." *Id.* at ¶ 57.

[14] Kan. Stat. Ann. § 21-6605(a) (emphasis added).

must be performed by the court.[15] The only discretion afforded to Werholtz as the Secretary of Corrections with respect to sentences was the authority to designate the place of confinement and to transfer inmates between institutions.[16] Callaway's complaint does not challenge the conditions of his confinement that were within Werholtz's discretion, nor does it allege that Werholtz acted in a manner inconsistent with the court order imposing a sentence of 242 months in prison.

Officials who act pursuant to a "facially valid court order" enjoy quasi-judicial absolute immunity from suit under § 1983.[17] As the Tenth Circuit explained in *Turney v. O'Toole*, an unlawful order may still be facially valid and "[s]tate officials must not be required to act as pseudo-appellate courts scrutinizing the orders of judges."[18] That is precisely the charge that Callaway has leveled against Werholtz—that he failed to recognize and act upon the proper definition of "prior conviction" despite the failure of the Kansas state courts to do the same. In consequence, as the Tenth Circuit predicted, Werholtz has become "a lightning rod for harassing

---

[15] *See* Kan. Stat. Ann. §§ 21-6605(a) (requiring the court to notify the secretary of corrections when a defendant's "sentence is subsequently modified in any respect, including discharge of such defendant from custody, *by a court* of this state"), 22-3504 (stating that "*[t]he court* may correct an illegal sentence at any time" and that *the court* may correct clerical mistakes in judgments at any time), 60-1507 (setting out the procedure for filing a habeas motion in state court and directing such motions to the court).

[16] Kan. Stat. Ann. § 21-6605(b), (c).

[17] *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (citations omitted) (holding that state officials were absolutely immune from § 1983 liability for confining the plaintiff in a state hospital pursuant to a judicial order).

[18] *Id.* at 1473 (citation and internal quotation marks omitted).

litigation aimed at judicial orders."[19]  Such litigation, however, is prohibited under both Kansas law and the doctrine of quasi-judicial immunity.[20]

Undoubtedly, Callaway's prolonged incarceration was the result of poor reasoning and administrative errors by the courts.  And just as assuredly, the courts are entitled to absolute judicial immunity.  To further quote the Tenth Circuit:

> [A]bsolute immunity always comes at a price.  The individual wrongly deprived of liberty or property by a judge's decision will be unable to pursue a remedy under the civil rights statute.  But the public interest in the enforcement of court orders that is essential to the effective functioning of our judicial process far outweighs the benefit to be gained by providing [state officials] with only limited immunity.[21]

Although Callaway was, regrettably, unlawfully deprived of his liberty for more than five years, Werholtz is absolutely immune from liability under § 1983 because he was simply doing his duty and following the orders of the court.  The Court therefore grants Werholtz's motion to dismiss under Rule 12(b)(6) because Callaway's complaint does not allege a claim for which relief can be granted.

---

[19] *Valdez v. City and Cnty of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) (citation omitted).

[20] *See* Kan. Stat. Ann. § 75-5225 ("No defect in the order of commitment under which a person convicted of crime is held by the warden of any correctional institution or the secretary of corrections shall be held a ground of action against the warden or the secretary of corrections for false imprisonment, and no such action shall be maintained in the courts, provided it shall appear that the warden or the secretary of corrections attempted to faithfully carry out the judgment of the court making such order.")

[21] *Valdez*, 878 F.2d at 1289.

**IT IS ACCORDINGLY ORDERED** this 24th day of May, 2013, that Defendant's Motion to Dismiss (Doc. 4) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE